O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 09-1837-OP<br><br>MEMORANDUM OPINION AND<br>ORDER GRANTING PLAINTIFF'S<br>PETITION FOR APPROVAL OF EAJA<br>FEES |

**I.**

**PROCEEDINGS**

　　On June 8, 2010, Carol Perez ("Plaintiff") filed a Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act ("Petition"). Plaintiff is seeking a fee award in the amount of $2,990.54, consisting of 14.75 hours of attorney time at a rate of $172.24 per hour, and 3.75 hours of paralegal time at a rate of $120.00 per hour. (Pet. at 7.) Plaintiff also is seeking an additional $682.84 for preparation of the Reply (3.96 attorney hours). (Reply at 8.) Thus, the total amount requested is $3,673.38. (Id.) On June 24, 2010, Respondent filed an Opposition to the Petition. On June 29, 2010, Plaintiff filed a Reply.

1

## II.

## DISCUSSION

**A. Legal Standard.**

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A). To award attorney's fees under the EAJA, the Court must determine that: (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable. Id. §§ 2412(d)(1)(A), 2412(d)(2)(A).

**B. The Requested Fees Are Reasonable.**

The Commissioner does not contest the hourly rate that counsel claims, but only disputes the reasonableness of the hours billed. He claims that the time spent was excessive considering that the case was remanded prior to any Court action, and that the award should be no more than $1,500.00. (Opp'n at 5.) Specifically, he claims that the twelve-page settlement proposal Plaintiff's counsel spent 11.5 hours preparing could have been condensed to a single paragraph and that approximately 6.09 attorney hours would have been "reasonable." (Id.)

This Court has reviewed the settlement proposal prepared by counsel. (Opp'n Ex. 1.) It contains four issues which appear to be thoroughly analyzed and presented, with accompanying record cites and legal analysis. The Court finds

that the time counsel spent evaluating and preparing the settlement proposal was justified and reasonable.

Plaintiff also seeks an additional $682.84 for preparation of the Reply.[1] (Reply at 8.) A prevailing party under the EAJA is entitled to fees for the litigation over the fees. Comm'r, INS v. Jean, 496 U.S. 154, 160, 110 S. Ct. 2316, 110 L. Ed. 2d 989 (9th Cir. 1998). Having reviewed the EAJA briefings, the Court finds that this fee request is also reasonable.

Considering the document hours and results obtained by Plaintiff's counsel, the Court finds there was adequate documentation, and no duplicative efforts, excessive time spent, dilatory conduct, or disproportionate fees. Accordingly, the Court finds that an EAJA fee award of $,673.38 is reasonable, as required under the EAJA.

**C.    Proper Payee Under the EAJA.**

Plaintiff requests that the award be paid directly to her attorney. (Pet. at 8.) The Commissioner states that Plaintiff provided a signed agreement that she assigned EAJA fees to her attorney. (Opp'n at 5.) He argues, however, that the government cannot accept any assignment if Plaintiff has an outstanding debt owed the government that qualifies for offset under the Treasury Offset Program. (Id. (citing Astrue v. Ratliff, --- S. Ct. ----, 2010 WL 2346547 (U.S. June 14, 2010).) The Commissioner argues that the assignment cannot be honored and fees should be made payable to Plaintiff, not her attorney, because Plaintiff has not established that she does not owe a debt to the government. (Id.)

The Supreme Court recently held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Ratliff, 2010 WL 2346547, at *3.

---

[1] This is based on 3 hours and 30 minutes in attorney time at $172.24 per hour, and 20 minutes of paralegal time at $120.00 an hour. (Reply at 8.)

1  The Supreme Court noted that although the government had a history of paying
2  EAJA awards directly to attorneys in certain cases, in 2006 it discontinued that
3  practice, making direct payments to the attorneys "only in cases where 'the
4  plaintiff does not owe a debt to the government and assigns the right to receive the
5  fees to the attorney.'" Id. at *7.  In this case, although Plaintiff has assigned the
6  right to receive the fees to her attorney, it is not known whether she owes a debt to
7  the government.
8      The Court notes, however, that an assignment of the fee award from
9  Plaintiff to Plaintiff's counsel does not prevent offset of the award.  Quade ex rel.
10 Quade v. Barnhart, 570 F. Supp. 2 1164 (D. Ariz. 2008) (called into doubt on
11 other grounds by Ratliff) (citing Whitmore v. Astrue, No. C 06-05062 SI, 2008
12 WL 276387, at *5 (N.D. Cal. Jan. 31, 2008)).  The plaintiff in a case has the
13 beneficial interest in EAJA attorney's fees, which the Treasury Department has the
14 authority to offset, despite any assignment interest.  Id.  Thus:
15      If a person . . . assigns the right to receive a Federal payment to a third
16      party . . . the assigned payment will be subject to offset to . . . collect
17      delinquent debts owed by th assignor unless . . . the debtor has properly
18      assigned the right to such payments and the debt arose after the effective
19      date of the assignment.
20 31 C.F.R. §§ 285.5(e)(6)(i) & (ii)(C); see also Whitmore, 2008 WL 276387, at *5.
21 Consequently, an assignment only protects the attorney from offset of fees for
22 debts of the plaintiff arising after the assignment becomes effective.  Quade, 570
23 F. Supp. 2d at 1179.  "The ultimate result is that an attorney representing a social
24 security claimant and expecting to receive fees under the EAJA is not reasonably
25 assured to any fees."  Id.
26      The Court concludes that in light of the assignment, the amount awarded
27 herein, subject to any legitimate offset, should be paid directly to Plaintiff's
28 counsel.

## III.

## **ORDER**

For the reasons discussed above, Plaintiff's Petition is GRANTED, and Plaintiff's counsel is awarded total EAJA fees of $3,673.38.

DATED: July 20, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge